IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT SKEFFERY,
    Petitioner,
  v.
UNITED STATES OF AMERICA,
    Respondent,

Case No. 3:05-cr-2-KRG-KAP
(Case No. 3:13-cv-59-KRG-KAP)

Report and Recommendation

Recommendation

    Petitioner filed a petition for a writ of *coram nobis*, a writ authorized under 28 U.S.C.§ 1651. docket no. 64. The writ of *coram nobis* permits a court to correct fundamental errors in a criminal prosecution, despite a petitioner's prior lack of success on direct appeal and in collateral attacks on a conviction, and even after the sentence under attack has been served. At the same time, the writ is not a substitute for ordinary review, nor does it relieve a petitioner from ordinary legal rules. I recommend that petitioner's petition be summarily denied.

Report

    Petitioner Skeffery was indicted in 2005, pleaded guilty pursuant to a plea agreement, docket no. 44, limiting his rights to a direct appeal and waiving all rights to collateral review. He was given a sentence of time served amounting to approximately 27 months imprisonment, on November 29, 2006. His sentence was affirmed on direct appeal in June 2008. docket no. 62, docket no. 63.

    Petitioner had already been removed from the United States (for criminal convictions not including the one in this

court) when his direct appeal was decided. He is apparently currently incarcerated in California awaiting trial on charges of illegal re-entry. He seeks to vacate this conviction on the claim that his counsel was ineffective in not warning him about the potential immigration consequences of his plea. As a matter of fact that is certainly false, since counsel, the prosecutor, and the Court discussed at length the removal consequences of the petitioner's conviction at the sentencing proceeding. docket no. 60, Sentencing Transcript of November 29, 2006 at 14*ff*. It is not too much to characterize the removal consequences of his plea as the central issue at sentencing. Petitioner nevertheless did not raise an objection or even ask a question about the matter then, nor until more than six years later. If the writ of *coram nobis* were available, petitioner therefore could not show that he had sound reasons for failing to raise his claim earlier. See <u>Mendoza v. United States</u>, 690 F.3d 157 (3d Cir.2012). But there are at least three antecedent reasons petitioner's petitioner must be dismissed.

First, despite some unexamined assumptions by various appellate panels that *coram nobis* is coextensive with a motion to vacate, it is not. To extend it to garden variety claims of ineffective assistance of counsel would nullify 28 U.S.C.§ 2255, particularly §2255(f). It would lead to the paradox that a defendant in custody who failed to make a timely challenge of

ineffective assistance of counsel could remain incarcerated for any number of years without redress, and then have the right to raise the claim precisely at the point when it would make no difference, after his release from custody. We should not presume Congress to intend such an absurd result, which we must by assuming that a writ of *coram nobis* is a duplicate motion to vacate. And although the scope of the writ is not precisely that at common law in the Eighteenth century, the Court of Appeals has correctly recognized:

> Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial and where "sound reasons" exist for failing to seek relief earlier. *Id.* at 512, 74 S.Ct. 253. "Only where there are errors of fact of 'the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid', [sic] can redress be had." *United States v. Cariola*, 323 F.2d 180, 184 (3d Cir.1963) (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 19-20, 59 L.Ed. 129 (1914)). **The error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid. An error which could be remedied by a new trial, such as an error in jury instructions, does not normally come within the writ.** See *Mayer*, 235 U.S. at 69, 35 S.Ct. at 19-20; *United States v. Gross*, 614 F.2d 365, 368 (3d Cir.) (per curiam) (conduct of deputy marshal, who annoyed several jurors and expressed romantic interest in particular juror, insufficient to warrant issuance of writ), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3019, 65 L.Ed.2d 1118 (1980).

United States v. Stoneman, 870 F.2d 102, 106 (3d Cir.1989)(my emphasis). See also United States v. Morgan, 346 U.S. 502, 512 (1954)("errors of the most fundamental character," namely the complete denial of counsel.) Petitioner does not seek to correct an error of fact going to this court's jurisdiction or any other fundamental error affecting his conviction here, he seeks to avoid

3

what may be collateral consequences of his conviction in a new criminal prosecution, and perhaps in removal proceedings.

Second, as I mentioned earlier, petitioner entered into a plea agreement waived the right to file a motion to vacate and "any other collateral proceeding attacking his conviction or sentence." Such waivers of post conviction relief are valid and enforceable if knowingly and voluntarily entered into, unless enforcement would work a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 236-37 (3d Cir.2008), cert. denied, 129 S.Ct. 2789 (2009). The transcript of the plea colloquy, docket no. 61, is *prima facie* evidence that petitioner's waiver was knowing and voluntary, and petitioner does not even attempt to show otherwise.

Finally, even if this court could reach the merits, petitioner's legal claim is that counsel was ineffective as a result of the rule announced in Padilla v. Kentucky, 559 U.S. 356 (2010), requiring defense counsel to advise defendant about the risk of deportation arising from a guilty plea. That rule does not apply retroactively. Chaidez v. United States, 133 S. Ct. 1103 (2013), abrogating United States v. Orocio, 645 F.3d 630 (3d Cir.2011).

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: March 22, 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Robert F. Skeffery, Reg. No. 18204-298
Metropolitan Correctional Center
808 Union Street
San Diego, CA 92101